**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DAVID J. DOPPLER,

Petitioner,

v.

DAVID CRIST, Warden,

Respondent.

Civil No. 00-490 (DWF/JMM)

**ORDER**

---

David J. Doppler, Pro Se, #187486, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003-1490, Petitioner.

Donald F. Ryan, Esq., Crow Wing County Attorney's Office, Courthouse, 326 Laurel Street, Brainerd, MN 56401, counsel for Respondent.

---

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition challenging his state court conviction for first-degree murder. His petition raised four grounds for relief–insufficiency of the evidence and three separate claims of ineffective assistance of counsel. The matter was assigned to Magistrate Judge John M. Mason, who found that Petitioner's first ineffective assistance of counsel claim had been procedurally defaulted, and that his other three claims should be denied on the merits. In a Report and Recommendation ("R&R") dated July 14, 2000, the Magistrate Judge recommended that Petitioner's habeas corpus petition be denied. (Doc. No. 8.) By order dated September 18, 2000, this Court rejected Petitioner's objections to the R&R and ordered that the case be dismissed with prejudice. (Doc. No. 10.)

On September 25, 2000, Petitioner filed a Notice of Appeal in this action (Doc. No. 12) which was accompanied by an application seeking leave to proceed *in forma pauperis* ("IFP") on

FILED OCT 12 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

appeal (Doc. No. 13) and a "Request For Certificate of Appealability" (Doc. No. 14). For the reasons discussed below, the Court concludes that Petitioner's IFP application should be GRANTED, but his request for a Certificate of Appealability should be DENIED.

**DISCUSSION**

**A. IFP Application**

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. *See also* Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the instant case, Petitioner's IFP application shows that he has only nominal assets and a very modest income from a prison job. Based on Petitioner's representations regarding his financial condition, the Court finds that Petitioner is financially eligible for IFP status. The Court further finds that the issues Petitioner seeks to raise on appeal are not legally frivolous and that Petitioner's appeal is taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3). Petitioner's IFP application will therefore be granted.

**B. Certificate of Appealability**

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994), citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 119 S. Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*). *See also Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983).

In this case, Petitioner is seeking a COA for a single issue, which is whether this Court erred when it found that his first ineffective assistance of counsel claim, based on an alleged "conflict of interest," was procedurally barred. Petitioner acknowledges that his conflict of interest claim has never been fairly presented to the state courts. He also acknowledges that he is now barred from

raising the claim in state court, because Minnesota's procedural rules prohibit prisoners from bringing post-conviction claims that could have been raised in prior proceedings, but were not.[1] Petitioner contends, however, that his procedural default should be excused, because he is able to satisfy the "cause and prejudice" standard that has been established by the U.S. Supreme Court. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice"). Petitioner argues that the "cause" of his procedural default was ineffective assistance of counsel on direct appeal. According to Petitioner, his appellate counsel "dropped the ball in his failure to advance the conflict of interest claim for state appellate review." (Petitioner's Request For Certificate Of Appealability, [Doc. No. 14], p. 4.) Petitioner further argues that his conflict of interest claim reflects a "fundamental miscarriage of justice," which should allow him to overcome his procedural default.

In its recent decision in *Slack v. McDaniel*, the Supreme Court explained how the federal district courts should handle COA requests in habeas cases that have been dismissed on procedural grounds, rather than on the merits.

> Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold

[1] Petitioner recognizes that "[n]ow, no other state remedies are available for petitioner to advance his conflict of interest claim. It is very unlikely that any state court would allow him to try and raise this claim in another postconviction motion or petition." (Petitioner's Request For Certificate Of Appealability, [Doc. No. 14], p. 4.)

> inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' *Ashwander v. TVA*, 297 U.S. 288, 347 . . . (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The *Ashwander* rule should inform the court's discretion in this regard.

120 S. Ct. at 1604.

In this case, the Court finds that Petitioner's COA request can be fully resolved by applying only the second of the two threshold criteria identified by the Supreme Court in *Slack*–i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." *Id.* After again considering the record as whole, the Court remains fully satisfied that Petitioner's conflict of interest claim was properly denied due to procedural default.

The error allegedly committed by Petitioner's appellate counsel (namely his failure to raise the conflict of interest claim on direct appeal) cannot satisfy the cause prong of the cause and prejudice requirement, because Petitioner never raised that alleged error in the state courts. Ineffective assistance of counsel cannot satisfy the cause requirement (to excuse procedural default), unless the ineffective assistance claim has itself been fully litigated in the state courts. *Edwards v. Carpenter*, 120 S. Ct. 1587, 1591 (2000), ("'a claim of ineffective assistance' . . . must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'"), quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986). Because Petitioner never argued in the state courts that his appellate counsel provided ineffective legal assistance by failing to raise the conflict of interest claim, he cannot rely on that alleged error to satisfy the cause requirement, and it will not excuse his procedural default.

Nor can Petitioner satisfy the "fundamental miscarriage of justice" exception. That exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995), *cert. denied*, 516 U.S. 1161 (1996) (emphasis added), *quoting Schlup v. Delo*, 513 U.S. 298, 327 (1995).

> The actual innocence exception is concerned with claims of actual, not legal innocence. *Anderson v. United States*, 25 F.3d 704, 707 (8th Cir. 1994). It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception. Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence . . . .' [*Schlup*, 513 U.S. at 324.] Examples of evidence which may establish factual innocence include credible declarations of guilt by another, see *Sawyer v. Whitley*, 505 U.S. 333, 340 . . . (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. [at 324]... and exculpatory scientific evidence.

*Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir.), *cert. denied*, 519 U.S. 972 (1996). For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" *Johnson v. Norris*, 170 F.3d 816, 817 (8th Cir. 1999), quoting *Armine v. Bowersox*, 128 F.3d 1222, 1230 (8th Cir. 1997) (*en banc*), *cert. denied*, 523 U.S. 1123 (1998).

In this case, Petitioner has presented no new evidence demonstrating that he did not commit the crimes for which he was convicted. Therefore, he cannot qualify for the fundamental miscarriage of justice–i.e., actual innocence–exception.

In sum, it is abundantly clear that Petitioner's conflict of interest claim was properly dismissed on the grounds of procedural default. He has acknowledged his default, and he has not shown valid cause, or proof of actual innocence, to excuse that default. It is therefore inconceivable that any "reasonable jurist" could have adjudicated Petitioner's conflict of interest claim any differently than it was adjudicated here. Thus, the Court concludes Petitioner has not shown that his

procedurally defaulted claim warrants appellate review, and he is not entitled to a COA in this matter.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Petitioner's application for leave to proceed *in forma pauperis* on appeal, (Doc. No. 13), is **GRANTED**; and

2. Petitioner's Request For Certificate Of Appealability (Doc. No. 14) is **DENIED**.

Dated: October 12, 2000

DONOVAN W. FRANK
United States District Court Judge